UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

WESLEY J. CRAWFORD,

        Petitioner,

Civil No. 12-0447 (MJD/JJG)

v.

SCOTT FISHER,

**REPORT AND RECOMMENDATION**

        Respondent.

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. (Docket No. 1.) The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I.    BACKGROUND**

Petitioner is a prisoner at the Federal Correctional Institution in Sandstone, Minnesota. He is serving a 240-month prison sentence that was imposed in 2002 after he was found guilty of violating federal drug laws. Petitioner was convicted in the Western District of Texas, but the trial court records for his case are available to this Court by means

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

of the Electronic Case Filing ("ECF") procedures maintained by the federal judiciary. The Court will refer to filings in Petitioner's criminal case – United States v. Crawford, No. 5:00-cr-625-FB-2 – by using the docket number assigned by the Clerk of Court for the Western District of Texas, (i.e., "No. 5:00-cr-625-FB-2, Doc. # _").

Petitioner's 2002 federal conviction was affirmed by the Fifth Circuit Court of Appeals on direct appeal in 2003. United States v. Crawford, 81 Fed.Appx. 480 (5th Cir. 2003) (per curiam) (unpublished opinion). In May 2004, Petitioner challenged his conviction and sentence by filing a motion in the trial court under 28 U.S.C. § 2255. (No. 5:00-cr-625-FB-2, Doc. # 225.) That motion was denied in August 2004. (Id, Doc. # 237.) Petitioner attempted to appeal the trial court's ruling on the motion, but he was denied a Certificate of Appealability, which is required by 28 U.S.C. § 2253. (Id., Doc. #s 240, 252.)

Petitioner later applied to the trial court for a writ of habeas corpus under 28 U.S.C. § 2241. The trial court found Petitioner's application to be a second or successive motion for relief under § 2255. The motion was summarily denied, because Petitioner had not obtained a pre-authorization order from the Fifth Circuit Court of Appeals, as required by 28 U.S.C. § 2244(b). (Id., Doc. # 263.)

In 2010, Petitioner filed three more motions in the trial court, (id., Doc. #s 290, 291, 294), all of which were construed to be additional § 2255 motions. All of those motions were summarily denied, because Petitioner had not obtained the pre-authorization order required by § 2244(b). (Id., Doc. #s 293, 296.)

In May 2011, Petitioner filed yet another motion that was construed to be a § 2255 motion. (Id., Doc. # 298.) That motion also was summarily denied, because Petitioner still had not obtained a pre-authorization order from the Fifth Circuit Court of Appeals. (Id.,

Doc. # 299.)  Petitioner attempted to appeal that ruling, but his appeal was summarily denied. (Id., Doc. # 305.)

Just last month, (January 2012), Petitioner filed his most recent motion in the trial court, which challenged his conviction on new grounds, (and perhaps some old grounds, as well). (Id., Doc. # 310.)  That motion was construed to be still another § 2255 motion, and the motion was promptly denied for lack of a pre-authorization order. (Id., Doc. # 311.)[2]

In addition to filing numerous motions in the trial court, Petitioner has also tried to challenge his 2002 federal criminal conviction and sentence in at least one prior habeas corpus action brought under 28 U.S.C. § 2241.  Crawford v. Maye, No. A-09-CA-470 SS, (W.D.Tex. 2009), 2009 WL 1940134.  That petition was summarily dismissed for lack of jurisdiction. Id.[3]

Petitioner's current § 2241 habeas corpus petition was filed on February 22, 2012. In this case, Petitioner is once again attempting to challenge his 2002 conviction and sentence in the Western District of Texas.  The current petition presents a single ground for relief, which Petitioner has identified as follows:

> "Illegal Imprisonment – District Court exceeded the statutorily authorized directives of Title 21 USC 841(a) and mandatory sentencing directives in 21 USC 841(b) which are governed solely by drug quantities involved in offense of conviction."

(Petition, p. 3, § 9.)

For the reasons discussed below, the Court finds that Petitioner's current habeas

---

[2] The Court notes that the order denying Petitioner's latest motion requires him to show cause why he should not be sanctioned for burdening the court with frivolous filings. (No. 5:00-cr-625-FB-2, Doc. # 311.)

[3] Petitioner's previous § 2241 case was dismissed for lack of jurisdiction for the same reasons that the current petition must be dismissed. (See Discussion, pp. 4-5, infra.)

3

corpus petition cannot be entertained in this District, and this action must be summarily dismissed for lack of jurisdiction.

## II. DISCUSSION

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147 (2005). Subsection 2255(e) provides that –

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). A federal court lacks jurisdiction to hear a prisoner's collateral challenge to his original conviction or sentence under 28 U.S.C. § 2241, unless the prisoner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255. See also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same). The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," (Abdullah, 392 F.3d at 959), because when it applies, it can save a § 2241 habeas petition

from being dismissed under the § 2255 exclusive remedy rule.

In this case, Petitioner obviously is challenging the validity of his 2002 drug offense conviction and sentence in the Western District of Texas. He claims that his conviction and sentence must be set aside because of an alleged discrepancy between the apposite grand jury indictment, and the verdict later reached by the petit jury. Because Petitioner is directly challenging the validity of his conviction and sentence, his current habeas corpus petition is barred by § 2255's exclusive remedy rule, unless the savings clause applies here.[4] However, Petitioner has made no effort to show that the savings clause could properly be applied in this case, and it is readily apparent that, in fact, the savings clause is <u>not</u> applicable here.

"A federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." <u>In re: Davenport</u>, 147 F.3d 605, 611 (7th Cir. 1998). Section 2255 is not inadequate or ineffective, thereby allowing a prisoner to challenge his conviction or sentence in a § 2241 habeas corpus petition, "where a petitioner had any opportunity to present his claim beforehand." <u>Abdullah</u>, 392 F.3d at 963.

Applying this rule here, the Court finds that Petitioner is not eligible for the § 2255 savings clause, because he had a reasonable opportunity to raise his current claims for relief in his direct appeal, and in his initial § 2255 motion. Petitioner has cited no new law, and he has presented no new evidence, that was previously unavailable to him. He cannot

---

[4] This legal rule was fully explained to Petitioner in <u>Crawford v. Maye</u>, 2009 WL 1940134 at *2.

5

claim that § 2255 is "inadequate or ineffective" simply because he failed to raise his current claims for relief on direct appeal or in his § 2255 motion. See Hill, 349 F.3d at 1092 (§ 2255 is not an inadequate or ineffective remedy where the petitioner had "at least two opportunities to raise [his] argument before the sentencing court").

As the Court of Appeals pointed out in Abdullah –

"[T]he Due Process Clause of our Constitution does not require that a petitioner have more than one unobstructed procedural opportunity to challenge his conviction. 'That does not mean he took the shot, or even that he or his attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have existed.'"

392 F.3d at 963, quoting Wolford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999).

Based on Abdullah, the Court finds that the savings clause is not applicable for Petitioner's current claims, because he has not shown, (or even suggested), that his claims could not have been raised before now. Because Petitioner had an adequate procedural opportunity to raise his current claims in the past, he is barred from bringing those claims in a new § 2241 habeas corpus petition at this time. See Abdullah, 392 F.3d at 963 ("'[The savings clause] does not exist to free a prisoner of the effects of his failure to raise an available claim earlier'"), (quoting Wolford, 177 F.3d at 1245).

### III.   CONCLUSION

Petitioner's § 2241 habeas corpus petition challenges the validity of his 2002 federal criminal conviction and sentence in the Western District of Texas. Therefore, the claims that Petitioner is attempting to raise in his petition cannot be adjudicated on the merits in a § 2241 habeas corpus proceeding, unless the savings clause is applicable. The savings clause is not applicable here, because Petitioner's current claims for relief could have been raised in a direct appeal, or in his first § 2255 motion. Because the savings clause is not

applicable, this action must be summarily dismissed for lack of jurisdiction. See DeSimone, 805 F.2d at 323-24 (§ 2241 habeas petition challenging prior criminal conviction was properly dismissed for lack of subject matter jurisdiction, where petitioner failed to show that § 2255 motion was an inadequate or ineffective remedy); Abdullah, 392 F.3d at 964 ("[b]ecause Abdullah did not show that § 2255 was inadequate or ineffective, the district court correctly concluded that it had no jurisdiction to consider his claim in a § 2241 petition").

Having determined that this action must be summarily dismissed for lack of jurisdiction, the Court will further recommend that Petitioner's pending application to proceed in forma pauperis, (Docket No. 2), be summarily denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2. Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be summarily **DISMISSED** for lack of jurisdiction.

Dated:  March 5, 2012         s/ *Jeanne J. Graham*
                              JEANNE J. GRAHAM
                              United States Magistrate Judge

**NOTICE**

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **March 20, 2012**. A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made